DOUGLAS R. SCHWARTZ (State Bar No. 98666)
PETRA M. REINECKE (State Bar No. 154482)
SCHWARTZ & CERA LLP
201 California Street, Suite 450
San Francisco, CA  94111
Telephone:  (415) 956-2600
Facsimile:  (415) 438-2655

Attorneys for Defendant
CHUN CHENG YEH, a/k/a ALEX YEH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHUN CHENG YEH, a/k/a ALEX YEH,<br><br>    Defendant. | CASE NO. CR-10-0231-WHA<br><br>**SENTENCING MEMORANDUM BY DEFENDANT ALEX YEH**<br><br>DATE: MARCH 1, 2016<br>TIME:  2:00 P.M.<br>CTRM: 8 |

## **INTRODUCTION**

Defendant Alex Yeh appears for sentencing after his conviction on one count of conspiracy in restraint of trade. Mr. Yeh submits this Sentencing Memorandum in advance of the hearing on March 1, 2016, with the attached defendant's letter to the Court (Exhibit A), and letters of support (Exhibit B).[1] Mr. Yeh respectfully submits that a sentence in conformity with the terms of the Plea Agreement reached in this case pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure is sufficient to comply with the statutory directives set forth in 18

---

[1] The 22 letters of support, from family members, friends, colleagues and clients, are labeled B-1 through B-22.

U.S.C. §3553(a). Taking into account the factors present in the facts and circumstances of Mr. Yeh's offense, the Court is respectfully urged to impose a sentence of no more than eight months' imprisonment.

## THE INDICTMENT

The one-count Indictment in this case was filed on March 30 2010. Mr. Yeh was charged with engaging in a conspiracy to suppress and eliminate competition by fixing prices, reducing output, and allocating market shares of color display tubes ("CDTs"), a component of computer monitors, to be sold in the United States and elsewhere, in violation of Section 1 of the Sherman Act (15 U.S.C. §1). The conspiracy is alleged to have begun at least as early as January 1997, and continued until "at least as late as March 2006." Indictment, ¶2. Mr. Yeh is alleged to have "joined and participated in the conspiracy from at least as early as May 1999 and continuing until at least March 2005" as an employee of "Company A." Indictment, ¶¶3, 6.

Mr. Yeh was employed by Chunghwa Picture Tubes ("Chunghwa") from 1992 until early 2005. Presentence Investigation Report ("PSR"), ¶51. Mr. Yeh left Chunghwa in early 2005 because he felt the president of the company did not have good integrity. PSR, ¶51.

After Mr. Yeh left Chunghwa, the United States government began an investigation into anticompetitive conduct in the cathode ray tube industry, eventually focusing on the producers of CDTs, including Chunghwa. PSR, ¶10. The investigation formed the basis of the instant prosecution, filed in 2009 and 2010. Chunghwa became the amnesty applicant in the case and was not prosecuted. Only three individuals who had been employed by Chunghwa were indicted: C.Y. Lin, the President and CEO of Chunghwa (who was indicted in both this case and in a related conspiracy involving color picture tubes used in televisions, but who passed away in 2013), Mr. Yeh, and Tony Cheng, Mr. Yeh's superior. PSR, ¶¶6-7. Both Mr. Cheng and Mr. Yeh had left Chunghwa prior to the investigation and indictment. In addition, only one company, Samsung SDI, was indicted (and pled guilty before this Court in 2011); one of its executives, J.S. Kim, was also indicted. *Id.* Two executives employed by LG Philips Displays (which was not indicted), Seung-Kyu "Simon" Lee and Yeong-Ug "Albert" Yang, were also indicted. None of

the individual defendants, other than Mr. Yeh, have returned to the United States to face the charges. PSR, ¶7.

## THE PLEA AGREEMENT AND AGREED SENTENCE

Under the Plea Agreement filed on November 17, 2015, and accepted by the Court on that date, Mr. Yeh pled guilty to the antitrust violation charged in the Indictment in this matter. As part of the Plea Agreement, Mr. Yeh acknowledged that he participated in a conspiracy to suppress and eliminate competition by fixing prices, reducing output, and allocating market shares of color display tubes ("CDTs") sold in the United States and elsewhere, beginning at least as early as May 1999 and continuing until at least March 2005, in violation of the Sherman Antitrust Act. Plea Agreement, ¶¶2-3. In furtherance of the conspiracy, Mr. Yeh engaged in conversations and attended meetings with representatives of other major CDT-producing firms on behalf of his employer, Chunghwa. Plea Agreement, ¶4(b). Chunghwa representatives who attended these meetings, including Mr. Yeh, took notes at the meetings and then incorporated those notes into reports that memorialized the discussions and agreements reached at the meetings. PSR, ¶11. Mr. Yeh was only a participant at the meetings, and did not have any authoritative role over others in the conspiracy. PSR, ¶12. Mr. Yeh had the lowest rank of any of the indicted co-conspirators. PSR, ¶16.

In the Plea Agreement, the parties agreed that Mr. Yeh's base offense level is 12, pursuant to §2R1.1 of the Guidelines. Plea Agreement, ¶9(a). It was also stipulated that a two-level enhancement applies under §2R1.1(b)(2) based on the volume of commerce. *Id.* With a two-level reduction for acceptance of responsibility, Mr. Yeh's offense level is 12. Plea Agreement, ¶9(b-d). Although there is no stipulation regarding Mr. Yeh's criminal history category in the plea agreement, there is no dispute that Mr. Yeh has absolutely no criminal history and thus falls in category I. *See* PSR, ¶¶28-33. Thus the applicable guidelines range is 10-16 months. Plea Agreement, ¶9(d).

Further, the government acknowledged in the Plea Agreement that Mr. Yeh has cooperated fully and truthfully and provided substantial assistance to the government. Plea Agreement, ¶11. The government agreed to bring a motion for downward departure pursuant to

§5K1.1. *Id*. The parties agreed in the Plea Agreement that the appropriate sentence would be 8 months' imprisonment, a $20,000 fine, no supervised release and no restitution (in light of the pending settlements in the civil cases filed against Mr. Yeh's former employer and other corporate entities for the conduct at issue). Plea Agreement, ¶¶10-12. The parties agreed not to seek at the sentencing hearing any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in the Plea Agreement. Plea Agreement, ¶10. Finally, the parties to the Plea Agreement acknowledged their understanding that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 10 of the Plea Agreement. Plea Agreement, ¶14.

## RELEVANT FACTS REGARDING THE DEFENDANT[2]

Mr. Yeh has been married for 24 years and has three children, ages 14, 20 and 23. PSR, ¶ 40. They are worried but supportive of him. PSR, ¶¶40-41. His wife, his elder daughter, and his son have written letters of support to the Court which are attached hereto (with translations) as Exhibits B-1 to B-3. Their letters attest to their dependence on his guidance and support, and express their fervent hope that he will be able to return to them soon.

Mr. Yeh was raised in a poor family in Taiwan. PSR, ¶37. His parents worked hard to provide basic necessities in raising him and his three siblings, but his family was, and remains, close and loving. PSR, ¶¶37, 38. As the oldest child, Mr. Yeh assumed the burden and responsibility of supporting his family when his father became unable to work while Mr. Yeh was still in college. *See* Letter of Angela Yeh (defendant's sister) (Exhibit B-4). Through dedication and hard work, all of the siblings are educated and successful adults. *Id*. Mr. Yeh now takes care of his parents, both of whom have health issues, with financial and emotional support. PSR, ¶37; *see* Letters of Chu-Ling Chang (defendant's wife) (Exhibit B-1); and Bryan Yeh (defendant's brother) (B-5). Mr. Yeh has been unable to tell his parents about this case because

---

[2] The facts in this section are taken from the Presentence Report ("PSR") and the attached supporting letters (Exhibit B).

1  he is worried that it will negatively impact their health, especially that of his mother, and because
2  they would not be able to comprehend the notion of him serving a sentence of imprisonment in a
3  foreign land. *Id;* Letter of Angela Yeh (sister) (B-4), and Bryan Yeh (brother) (B-5). Mr. Yeh is
4  the pride of and role model for his family. *See* Letter of Bryan Yeh (brother) (B-5).

5  Mr. Yeh too has worked hard to provide for his family. PSR, ¶39; *see, e.g.,* Letters of
6  Kuan Yi Yeh (defendant's daughter) (B-2), Angela Yeh (sister) (B-4), Bryan Yeh (brother) (B-5),
7  Amy Lin (client) (B-6), C.H. Lin (CPT colleague) (B-9), Chih Heng Chao (client/friend) (B-8),
8  and Edward Shu (AUO colleague) (B-17). His work record is one of dedication and high
9  achievement. *See* Letters of Kay Chiu (former CPT President and CPT colleague) (B-10), Amy
10  Lin (client) (B-6), C.H. Lin (CPT colleague) (B-9), and Terry Yu Ning Ning (AUO colleague)
11  (B-18). He is passionate about his work and has had a deep and lasting influence on many of his
12  colleagues. *See* Letters of Lingyuan Yun (CPT colleague) (B-11), Shanice Huang (AUO
13  colleague) (B-15), Edward Shu (AUO colleague) (B-17), Tung Hsiu Chi (AUO colleague) (B-
14  21), and Fanglan Hsu (AUO colleague) (B-22). He is honest, caring, dutiful, responsible,
15  trustworthy, decent, dependable and "really a good man." *See* Letters of Lingyuan Yun (CPT
16  colleague) (B-11), Wang Mei-Chueh (CPT colleague) (B-12), Ed Liao (college classmate/friend)
17  (B-14), Amy Lin (client) (B-6), Gordon Nieh (defendant's friend) (B-7), C.H. Lin (CPT
18  colleague) (B-9), and Shanice Huang (AUO colleague) (B-15). He has been a valued advisor and
19  friend, always willing to help others. *See* Letters of Daniel Sun (college classmate/friend) (B-13),
20  Gordon Nieh (friend) (B-7), and Fanglan Hsu (AUO colleague) (B-22). He has served as a caring
21  mentor to junior colleagues. *See* Letters of Shanice Huang (AUO colleague) (B-15), Marc Su
22  (AUO colleague) (B-16), Edward Shu (AUO colleague) (B-17), and Feng Guo (AUO colleague)
23  (B-19). The numerous letters of support describe why he is invaluable to his family, friends and
24  colleagues, and plead for leniency.

25  Mr. Yeh has fully accepted responsibility and is remorseful for his conduct in connection
26  with this case. PSR, ¶¶16-17; Letter of Defendant (Exhibit A); *see also* Letters of Gordon Nieh
27  (friend) (B-7), Chih Heng Chao (client/friend) (B-8), Tung Hsiu Chi (AUO colleague) (B-21).
28  Although he could not be extradited to the U.S. from Taiwan, he has voluntarily come to the

United States to plead guilty and face the consequences of his actions. PSR, ¶17. This was a difficult decision, but he wanted to "right the wrongs" and put these charges behind him by returning to the United States. PSR, ¶16; *see* Letter of Chu-Ling Chang (defendant's wife) (B-1). He has learned from his mistake, and has used the opportunity to educate his colleagues about the need to avoid meetings and agreements with competitors, and to obey the law, especially since Taiwan has no Anti-Trust laws. *See* Letters of Edward Shu (AUO colleague) (B-17), Terry Yu Ning Ning (AUO Colleague) (B-18), Feng Guo (AUO Colleague) (B-19), and Fanglan Hsu (AUO Colleague) (B-21). He is a man of integrity who has used his experience to advocate the importance of business ethics. *See* Letters of Shanice Huang (AUO colleague) (B-15), Feng Guo (AUO Colleague) (B-19), Cheng Chiang Chung-Jen (AUO Colleague) (B-20), and Fanglan Hsu (AUO Colleague) (B-21).

## SENTENCING CONSIDERATIONS

In *United States v. Booker*, 125 S. Ct. 738, 757 (2005), the Supreme Court abandoned the rigidity of the guidelines, making the guidelines advisory only and authorizing judges to consider the full range of relevant considerations in imposing a fair and reasonable sentence. The Sentencing Reform Act, as revised by *Booker*, permits the court to tailor the sentence in light of other statutory concerns, such as the factors listed in 18 U.S.C. §3553(a). The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Under 18 U.S.C. §3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). In this case, the unique facts and circumstances of the offense, and the background of the defendant, as detailed in the numerous letters of support, all justify a sentence no greater than that agreed to in the Plea Agreement. Of course it must be noted that the comprehensive Presentence Investigation Report, however, recommends a lesser custodial sentence (4 months) and a greater term of supervised release (1 year).

1  Further, it is respectfully requested that the Court make a recommendation to the Bureau
2  of Prisons that Mr. Yeh be permitted to serve any custodial sentence imposed at the Federal
3  Minimum Security Camp at Taft, California. Taft has services for and experience with housing
4  foreign business people like Mr. Yeh.

5  Finally, it is respectfully submitted that Mr. Yeh is an appropriate candidate for self-
6  surrender, and he requests that he be released following the imposition of sentence to allow him
7  to self-surrender to the assigned prison facility on a specified date after his sentencing. The
8  government and Probation are both in agreement with self-surrender. Plea Agreement, ¶10; PSR,
9  Sentencing Recommendation, page 2.

## CONCLUSION

Under the circumstances of this case, imposition of a sentence under the terms of the Plea Agreement would certainly be sufficient to satisfy the goals of the Sentencing Reform Act, as revised by *Booker*. To the extent that the Court requires additional evidence on any issue addressed herein and pertinent to sentencing, Mr. Yeh respectfully requests or reserves the right to request an evidentiary hearing.

DATED: February 23, 2016          Respectfully submitted,

                                  SCHWARTZ & CERA LLP

                                  _____/s/_____
                                  DOUGLAS R. SCHWARTZ
                                  PETRA M. REINECKE
                                  Attorneys for Defendant
                                  ALEX YEH