FILED

NOV 17 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LIDIA MAHER (CSBN 222253)
MAY LEE HEYE (CSBN 209366)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
lidia.maher@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHUN-CHENG YEH, a.k.a. ALEX YEH,<br><br>Defendant. | No. CR 10-00231 (WHA)<br><br>**PLEA AGREEMENT**<br><br>VIOLATION:<br>Title 15, United States Code, Section 1<br>(Conspiracy in Restraint of Trade) |

The United States of America and CHUN-CHENG YEH, a.k.a. ALEX YEH[1] ("defendant"), hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

**RIGHTS OF DEFENDANT**

1. The defendant understands his rights:

(a) to be represented by an attorney;

(b) to be charged by indictment;

(c) as a permanent resident of Taiwan and holder of a Taiwan passport, to

[1] "Chun-Cheng Yeh" reflects the corrected spelling of the defendant's first name. His first name was misspelled in the Indictment as "Chung Cheng." *See* Doc. 1.

FILED

NOV 17 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

decline to accept service of the Summons in this case and to contest the jurisdiction of the United States to prosecute this case against him in the United States District Court for the Northern District of California;

(d) to plead not guilty to any criminal charge brought against him;

(e) to have a trial by jury, at which he would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for him to be found guilty;

(f) to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

(g) not to be compelled to incriminate himself;

(h) to appeal his conviction, if he is found guilty; and

(i) to appeal the imposition of sentence against him.

**AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS**

2. The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(h) above. The defendant also knowingly and voluntarily waives any objection or defense he may have to the prosecution of the charged offense in the United States District Court for the Northern District of California based on venue and knowingly and voluntarily waives any potential challenge to his prosecution based on the spelling of his name in the Indictment. The defendant further knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2241 or 2255, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 10 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Consistent

with Fed. R. Crim. P. 11(b)(1)(O), the defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status, including removal from the United States, denial of citizenship, and denial of admission to the United States in the future.

The Indictment in this case, CR 10-00231 (WHA) Doc. 1, charges the defendant with one count of participating in a combination and conspiracy to suppress and eliminate competition by fixing prices, reducing output, and allocating market shares of color display tubes ("CDTs") sold in the United States and elsewhere, beginning at least as early as May 1999 and continuing until at least March 2005, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3. The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge contained in the Indictment described in Paragraph 2 above, and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

**FACTUAL BASIS FOR OFFENSE CHARGED**

4. Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a) For purposes of this Plea Agreement, the "relevant period" is that period beginning at least as early as May 1999 and continuing until at least March 2005. During the relevant period, the defendant was employed by Company A, a Taiwan corporation. Beginning in March 2002, the defendant was Director of Sales for Company A. During the relevant period, Company A was a producer of CDTs and was engaged in the sale of CDTs in the United States and elsewhere. CDTs are a type of cathode ray tube. Cathode ray tubes consist of evacuated glass envelopes that contain an electron gun and a phosphorescent screen. When electrons strike the screen, light is emitted, creating an image on the screen. CDTs are the specialized cathode ray tubes manufactured for use in computer monitors and other products with similar technological requirements.

(b) During the relevant period, the defendant knowingly participated in a conspiracy with other persons and entities engaged in the manufacture and sale of CDTs,

the primary purpose of which was to suppress and eliminate competition by fixing prices, reducing output, and allocating market shares of CDTs to be sold in the United States and elsewhere. In furtherance of the conspiracy, the defendant engaged in conversations and attended meetings with representatives of other major CDT-producing firms. During these meetings and conversations, agreements were reached to fix prices, reduce output, and allocate market shares of CDTs to be sold in the United States and elsewhere.

(c) During the relevant period, CDTs sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of CDTs, as well as payments for CDTs, traveled in interstate and U.S. import trade and commerce. The business activities of Company A and coconspirators in connection with the production and sale of CDTs that were the subject of this conspiracy were within the flow of, and substantially affected, interstate and U.S. import trade and commerce.

## ELEMENTS OF THE OFFENSE

5. The elements of the charged offense are that:

(a) the conspiracy described in the Indictment existed at or about the time alleged;

(b) the defendant knowingly became a member of the conspiracy; and

(c) the conspiracy described in the Indictment either substantially affected interstate or U.S. import trade or commerce in goods or services or occurred within the flow of interstate or U.S. import trade or commerce in goods and services.

## POSSIBLE MAXIMUM SENTENCE

6. The defendant understands that the statutory maximum penalty that may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act is:

(a) a term of imprisonment for ten (10) years (15 U.S.C. § 1);

(b) a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18

U.S.C. § 3571(b) and (d)); and

(c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2)).

7. In addition, the defendant understands that:

(a) pursuant to U.S.S.G. §5E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the Court may order him to pay restitution to the victims of the offense; and

(b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

**SENTENCING GUIDELINES**

8. The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2014 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance-of-the-evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable, based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in

U.S.S.G. §1B1.8(b).

9. The United States and the defendant agree that the following sentencing guidelines apply:

(a) Count One (15 U.S.C. § 1):

| | | |
|---|---|---|
| i. | Base Offense Level, U.S.S.G. §2R1.1(a): | 12 |
| ii. | Volume of Commerce, > $1M and < $10M, U.S.S.G. §2R1.1(b)(2): | +2 |
| | Offense Level Total: | 14 |
| | Imprisonment Range for Offense Level 14, Criminal History Category I: | 15 to 21 months |
| | Fine calculated as one to five percent of the volume of commerce, but not less than $20,000, U.S.S.G. §2R1.1(c)(1): | $89,368 to $446,842 |

(b) For the purposes of U.S.S.G. §3E1.1, a two-level reduction of the offense level for the defendant's acceptance of responsibility is appropriate. However, should the United States obtain or receive additional evidence or information prior to sentencing that, in its sole discretion, it determines to be credible and materially in conflict with this provision, then the United States will no longer be bound by this provision;

(c) The United States and the defendant are not aware of any information that would affect the defendant's Criminal History Category. If no other information were discovered, the defendant's Criminal History Category would be I. The parties understand that the defendant's Criminal History Category is determined by the Court; and

(d) Based on the foregoing, the defendant's adjusted Offense Level for the offense to which he is pleading guilty is 12. The applicable Guidelines imprisonment range for Offense Level 12 is 10 to 16 months. The applicable Guidelines fine range for the defendant is $89,368 to $446,842.

///

///

**SENTENCING AGREEMENT**

10. Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 15 of this Plea Agreement, the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $20,000, payable in full before the fifteenth (15th) day after the date of judgment; a period of imprisonment of eight (8) months; no period of supervised release; and no order of restitution ("the recommended sentence"). The defendant agrees that he will not present evidence or arguments to the Court in opposition to the sentencing recommendation made to the Court by the United States. The defendant agrees that he will not request that he be allowed to serve any part of his sentence in home detention, intermittent confinement, or community confinement. The United States will not object to the defendant's request that the Court make a recommendation to the Bureau of Prisons that the Bureau of Prisons designate that the defendant be assigned to a Federal Minimum Security Camp (if possible at Taft, California) to serve his sentence and that the defendant be released following the imposition of sentence to allow him to self-surrender to the assigned prison facility on a specified date after his sentencing. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek at the sentencing hearing any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable. The defendant understands that the Court will order him to pay a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.

11. The United States and the defendant agree that the applicable Guidelines fine and imprisonment ranges exceed the fine and term of imprisonment contained in the recommended sentence set out in Paragraph 10 above. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 15 of this Plea Agreement, and prior to sentencing in

this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. §5K1.1, for a downward departure from the Guidelines fine and imprisonment range(s) in this case and will request that the Court impose the fine and term of imprisonment contained in the recommended sentence set out in Paragraph 10 of this Plea Agreement because of the defendant's substantial assistance in the government's investigation and prosecutions of violations of federal criminal law in the CDT industry.

12. In light of the civil cases filed against Company A and others, including *In re Cathode Ray Tube (CRT) Antitrust Litigation, No. CV-07-05944-SC*, consolidated in the United States District Court, Northern District of California, which have resulted in a number of settlement agreements at various stages of Court approval, the recommended sentence does not include a restitution order for the offense charged in the Indictment.

13. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 15 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct.

14. The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 10 of this Plea Agreement. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose the recommended sentence contained in this Agreement, he nevertheless has no right to withdraw his plea of guilty.

**DEFENDANT'S COOPERATION**

15. The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of CDTs, and any federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution,

litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of the defendant will include, but not be limited to:

(a) producing in the United States and at other mutually agreed-upon locations all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, in the possession, custody, or control of the defendant, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b) making himself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

(c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

(d) otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he may have that is related to any Federal Proceeding; and

(e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*).

///

## GOVERNMENT'S AGREEMENT

16. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 15 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, the United States agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of CDTs ("Relevant Offense"). The nonprosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

17. The United States agrees that when the defendant travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject the defendant to arrest, detention, or service of process or to prevent the defendant from departing the United States. This paragraph does not apply to the defendant's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401 - 402), or conspiracy to commit such offenses.

18. (a) Subject to the full, truthful and continuing cooperation of the defendant, as defined in Paragraph 15 of this Plea Agreement, and upon the Court's acceptance of the defendant's guilty plea and imposition of sentence in this case, the United States agrees not to seek to remove the defendant from the United States under Sections 238 and 240 of the Immigration and Nationality Act, 8 U.S.C. §§ 1228 and 1229a, based upon the defendant's guilty plea and conviction in this case, should the defendant apply for or obtain admission to the United States as a nonimmigrant (hereinafter referred to as the "agreement not to seek to remove the defendant"). The agreement not to seek to remove

the defendant is the equivalent of an agreement not to exclude the defendant from admission to the United States as a nonimmigrant or to deport the defendant from the United States. (Immigration and Nationality Act § 240(e)(2), 8 U.S.C. § 1229a(e)(2)).

(b) The Antitrust Division of the United States Department of Justice has consulted with United States Immigration and Customs Enforcement ("ICE") on behalf of the United States Department of Homeland Security ("DHS"). ICE, on behalf of DHS and in consultation with the United States Department of State, has agreed to the inclusion in this Plea Agreement of this agreement not to seek to remove the defendant, pursuant to Attachment A to this Plea Agreement. The Secretary of DHS has delegated to ICE the authority to enter this agreement on behalf of DHS.

(c) So that the defendant will be able to obtain any nonimmigrant visa that he may need to travel to the United States, DHS and the Visa Office, United States Department of State, have concurred in the granting of a nonimmigrant waiver of the defendant's inadmissibility, pursuant to Attachment A. This waiver will remain in effect so long as this agreement not to seek to remove the defendant remains in effect. While the waiver remains in effect, the Department of State will waive any denial, made on the basis of the defendant's guilty plea and conviction in this case, of the defendant's application for a nonimmigrant visa, and DHS will waive any denial, made on the basis of his guilty plea and conviction in this case, of his application for admission as a nonimmigrant. This nonimmigrant waiver only applies to applications for entry as a nonimmigrant. DHS does not agree to waive any grounds of removability on an application for an immigrant visa.

(d) This agreement not to seek to remove the defendant will remain in effect so long as the defendant:

(i) acts and has acted consistently with his cooperation obligations under this Plea Agreement;

(ii) is not convicted of any felony under the laws of the United States or any state, other than the conviction resulting from the defendant's guilty

plea under this Plea Agreement or any conviction under the laws of any state resulting from conduct constituting an offense subject to this Plea Agreement; and

(iii) does not engage in any other conduct that would warrant his removal from the United States under the Immigration and Nationality Act.

The defendant understands that, should the Antitrust Division become aware that the defendant has violated any of these conditions, the Antitrust Division will notify DHS. DHS will then determine, in consultation with the Antitrust Division, whether to rescind this agreement not to seek to remove the defendant.

(e) The defendant agrees to notify the Assistant Attorney General of the Antitrust Division should the defendant be convicted of any other felony under the laws of the United States or of any State.

(f) Should the United States rescind this agreement not to seek to remove the defendant because of the defendant's violation of a condition of this Plea Agreement, the defendant irrevocably waives his right to contest his removal from the United States under the Immigration and Nationality Act on the basis of his guilty plea and conviction in this case, but retains his right to notice of removal proceedings.

**REPRESENTATION BY COUNSEL**

19. The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

**VOLUNTARY PLEA**

20. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises,

or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

21. The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 15 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant will be subject to prosecution for any federal crime of which the United States has knowledge, including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant may seek Court review of any determination made by the United States under this paragraph to void any of its obligations under this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

22. The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement because of the defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him. In addition, the defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

23. The defendant agrees to and adopts as his own the factual statement contained in Paragraph 4 above. In the event that the defendant breaches this Plea Agreement, the defendant agrees that this Plea Agreement, including the factual statement contained in Paragraph 4 above, provides a sufficient basis for any possible future extradition request that may be made for his return to the United States to face charges either in the Indictment referenced in Paragraph 2 of this Plea Agreement or in any related indictment. The defendant further agrees not to oppose or contest any request for extradition by the United States to face charges either in the Indictment referenced in Paragraph 2 of this Plea Agreement or in any related indictment.

**ENTIRETY OF AGREEMENT**

24. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

25. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

26. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: November 17, 2015

BY: Alex Yeh
Chun-Cheng "Alex" Yeh
Defendant

BY: D R Schwartz
Douglas S. Schwartz, Esq.
Counsel for Chun-Cheng "Alex" Yeh

Respectfully submitted,

BY: [signature]
Lidia Maher
May Lee Heye
Trial Attorneys
United States Department of Justice
Antitrust Division

**ATTACHMENT A**

*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
500 12th Street, SW
Mailstop - 5900
Washington, DC 20536




October 20, 2015

The Honorable Brent Snyder
Assistant Attorney General
Antitrust Division
U.S. Department of Justice
Washington, D.C. 20530

Re: Waiver of Inadmissibility for Chun-Cheng "Alex" Yeh

Dear Mr. Snyder:

Marvin Price of the Department of Justice (DOJ), Antitrust Division, has asked U.S. Immigration and Customs Enforcement (ICE), on behalf of the Department of Homeland Security (DHS), to agree to the inclusion of a provision in a plea agreement with Chun-Cheng Yeh that would relieve him of adverse immigration consequences of his impending conviction for the criminal violation of the Sherman Antitrust Law, 15 U.S.C. § 1. The requested provision would constitute a waiver of any grounds of inadmissibility for nonimmigrants under 8 U.S.C. § 1182(d)(3)(A) based solely on this plea agreement and conviction. The Secretary of Homeland Security has delegated to the Assistant Secretary of ICE the authority to give this concurrence on behalf of DHS. The Assistant Secretary has further delegated this authority to the Principal Legal Advisor.

Chun-Cheng Yeh is a citizen and national of Taiwan residing in Taiwan. Yeh has held many sales positions within "Company A," a Taiwanese company, and from March 2002 to March 2005 was Director of Sales. According to Mr. Price, DOJ considers Yeh's cooperation to be critical to obtaining the evidence to induce other corporate and individual subjects to plead guilty and cooperate in the investigation into the conspiracy to suppress and eliminate competition in the color display tube (CDT) industry. Furthermore, DOJ believes that Yeh poses no continuing threat to United States commerce, and no threat to take part in any future criminal activity. Mr. Price has advised ICE that Yeh is not readily subject to the jurisdiction of the United States, and his continued ability to travel to the United States as a nonimmigrant is a critical factor in securing his cooperation. The Directorate for Visa Services, Department of State (DOS), has concurred in the requested waiver. ICE has also received concurrence from U.S. Customs and Border Protection (CBP), Admissibility Review Office. Based on the Memorandum of Understanding between the Antitrust Division, United States Department of Justice and the Immigration and Naturalization Service, United States Department of Justice, Mr. Price's memorandum, and the CBP and DOS concurrences, I agree to Mr. Price's request on behalf of

DHS. You may file this letter, or a copy, with the appropriate district court, as provided in 28 C.F.R. § 0.197.

Please note that when Chun-Cheng Yeh comes to the United States to enter his guilty plea, and again when he comes to serve his sentence, he does not qualify for admission as a nonimmigrant visitor for "business" on those particular trips. 8 U.S.C. § 1101(a)(15)(B). Therefore, Yeh will require parole on those occasions. ICE will gladly work with DOJ to authorize Yeh's parole into the United States for the trips related to this criminal proceeding. Ms. Stephanie Lytle at the Law Enforcement Parole Unit is the ICE point of contact for such public benefit parole requests. DOJ may contact Ms. Lytle at (703) 877-3236 to make parole arrangements for Yeh. For future trips, Yeh will be able to seek admission as a nonimmigrant with the 8 U.S.C. § 1182(d)(3) waiver granted as part of his plea agreement.

Sincerely,

Michael P. Davis, for

Gwendolyn Keyes Fleming
Principal Legal Advisor