DOUGLAS R. SCHWARTZ (State Bar No. 98666)
PETRA M. REINECKE (State Bar No. 154482)
SCHWARTZ & CERA CALIFORNIA PC
201 California Street, Suite 450
San Francisco, CA 94111
Telephone: (415) 956-2600
Facsimile: (415) 358-4770

Attorneys for Defendant
CHUN CHENG YEH, a/k/a ALEX YEH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHUN CHENG YEH, a/k/a ALEX YEH,<br><br>Defendant. | CASE NO. CR-10-0231-WHA<br><br>**DEFENDANT'S OBJECTIONS TO GOVERNMENT'S SENTENCING MEMORANDUM**<br><br>DATE: MARCH 1, 2016<br>TIME: 2:00 P.M.<br>CTRM: 8 |

Defendant Alex Yeh, by and through counsel, after reviewing the United States' Sentencing Memorandum filed on February 23, 2016 ("USSM"), files the following objections for the Court's consideration at the sentencing hearing.

First, Mr. Yeh objects to the government's characterization regarding Mr. Yeh's position and role in the conspiracy, with citations to the Indictment as support. Specifically, the government states in its Sentencing Memorandum: "Although not the highest-ranking Chungwa executive involved in the conspiracy, Yeh was a management-level employee who, at times, had the authority to make pricing decisions." USSM at 5:6-8. Further, the government argues that Mr. Yeh "was involved in the implementation of the agreements reached at those meetings and the monitoring of those agreements." *Id.* at 7:2-3. "Defendant Yeh had an important role in this

implementation feature of the competitor meetings and agreements." *Id.* at 9:4-5. The parties negotiated and agreed to a factual basis for the guilty plea entered by Mr. Yeh, and memorialized those facts in the Plea Agreement. In its sentencing memorandum, the government draws not from those agreed facts, but rather from the Indictment, which contains allegations that are unproven.

Mr. Yeh has consistently informed the government, and proffered evidence, that he never held a vice-president or corporate executive position with Chunghwa, and that all of the other individuals indicted (and many who were not indicted) held positions far senior to his, not just within Chunghwa, but also within their respective other companies. Furthermore, Mr. Yeh has explained that he had neither authority to make pricing decisions nor any ability to implement or police the agreements reached. Mr. Yeh was a foot soldier whose actions had to be directed and approved by his superiors at every juncture. Mr. Yeh has, by pleading guilty, clearly acknowledged responsibility for his conduct, but wants to make sure that the Court understands his position in the very formal hierarchy which exists in the Asian business culture in general, and in the company for which he worked and the other companies which were participants in the charged conspiracy specifically.

Second, the government's sentencing memo repeatedly characterizes Mr. Yeh as a "fugitive." However, Mr. Yeh has never been a fugitive from justice. The Ninth Circuit has held that a person is not a fugitive where the alien's attorney, and the court, knew the alien's location. *Sun v. Mukasey*, 555 F.3d 802, 805 (9th Cir. 2009). A foreign defendant who was never present in the jurisdiction and did not flee from it to avoid prosecution or punishment is not a fugitive. *United States v. Hijazi*, 589 F.3d 401 (7th Cir. 2009). When an individual was not present in the jurisdiction at the time of the conduct at issue, and did not reside in the jurisdiction at any time thereafter, he may not be considered a fugitive simply because he remains outside of the jurisdiction. *See United States v. Belimex*, 340 F.Supp. 466, 470 (S.D.N.Y. 1971). Mr. Yeh was not present in the United States when his criminal conduct occurred, and he did not flee the United States to avoid prosecution. He is a citizen and resident of Taiwan. He was not subject to the jurisdiction of this Court until he voluntarily chose to travel here to face and resolve the

charges against him, and thus cannot be characterized as a fugitive.

Finally, Mr. Yeh objects to the government's comparison between Mr. Yeh's sentence and the sentences received by defendants in a different conspiracy as having little bearing on the appropriate sentence in this case.

DATED: February 26, 2016

Respectfully submitted,

SCHWARTZ & CERA CALIFORNIA PC


          /s/
DOUGLAS R. SCHWARTZ
PETRA M. REINECKE
Attorneys for Defendant
ALEX YEH